FILED'08 APR 15 15:39USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDDIE LEE HAYES,

             Plaintiff,           Civil No. 08-3040-CL

           v.                 REPORT AND
                                 RECOMMENDATION

KLAMATH COUNTY PUBLIC
DEFENDERS, et al.,

             Defendants.

CLARKE, Magistrate Judge.

      Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights in connection with their representation of plaintiff on criminal charges.  Plaintiff now moves to proceed in forma pauperis.

      Plaintiff's Application to proceed in forma pauperis (#1) is allowed.  However, for the reasons set forth below, plaintiff's complaint should be dismissed on the ground that it fails to state a claim under 42 U.S.C. § 1983.

      Habeas corpus is the exclusive remedy when a plaintiff

1 - REPORT AND RECOMMENDATION

seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state remedies requirement. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

The fact that plaintiff seeks money damages as a remedy does not preclude treatment of his complaint as a petition for habeas corpus relief. The collateral effects of a finding that a prisoner's incarceration is illegal are substantially the same whether the complaint is styles as one for money damages or one for injunctive relief. *Id*.

Plaintiff alleges, *inter alia*, that defendants failed to effectively represent him by failing to "investigate for facts," "refusal to subpoena witnesses," and "failure to file motions." Complaint (#2), p. 4. Thus, under the circumstances alleged in plaintiff's complaint, a judgment in favor of plaintiff would necessarily imply the invalidity of plaintiff's confinement and arguably entitle plaintiff to release. Plaintiff has not alleged or established that he has exhausted state remedies as required by 28 U.S.C. § 2254. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

In addition, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, <u>supra</u>. In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Based on all of the foregoing, plaintiff's complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1983. The dismissal should be without prejudice to plaintiff's right to file a petition for habeas corpus relief under 28 U.S.C. § 2254.

Plaintiff is advised that the filing fee for proceedings under 28 U.S.C. § 2254 is $5. Plaintiff is further advised f Local Rule 295-1 (a) requires that petition for habeas corpus relief be "legibly written or typewritten on forms supplied by the court." The Clerk of the court is directed to send petitioner the appropriate form.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _15_ day of April, 2008.

Mark D. Clarke
United States Magistrate Judge